## Kelley v. L. & N. Railroad Company.

(Decided November 16, 1911.)

### Appeal from Estill Circuit Court.

Railroads—Action Against for Damages for Failure to Make Cross-ings—Previous Recovery Against Road.—Where one had recovered from a railroad the amount of money shown to be required to spend in order to make an improvement, he is not entitled in an action against the successor of that railroad to have it make the improvements, nor is he entitled to damage because of incon-venience suffered by him because they are not made, for having compelled the railroad under a judgment of court to pay him the money required to make the improvements, it devolved upon him, and not the railroad, to make them.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN. FRED P. CALDWELL and WALLACE & HARRIS for appellee.

J. B. WHITE for appellant.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In April, 1911, Achilles Kelley brought a suit in the Estill Circuit Court against the Louisville & Atlantic Railroad Company, in which he sought to recover of said company damages in the sum of $1,000 for its failure to construct certain crossings over the road bed on his farm, and to build a suitable road from a point on his farm along its right of way of some 1,500 feet to the public road. The Louisville & Nashville Railroad Company having acquired the property of the Louisville & Atlantic Railroad Company, answered, and in addition to traversing the material allegations of the petition, pleaded a former judgment in bar of plaintiff's right of recovery. This pleading recites that on June 12, 1902, C. W. Sale and Samuel H. Sale instituted a suit in the Estill Circuit Court against the Louisville & Atlantic Railroad Company in which they sought to recover dam-ages of said company because it and its predecessor had

failed to "construct and maintain one good and sufficient undercrossing of its railroad from one side to the other suitable for all crossing of stock, wagons and other vehicles, not less than twelve feet in length, at station 1494, and one grade crossing for the same purpose at station 1500; and further to grade and make the defendant a good road from a point opposite station 1,500 along the side of the railroad's right of way and the bluff on Kelley's land out to the county road so as to enable the defendants to reach that county road north of the house without crossing the railroad." It was further alleged that in that pleading they asserted their rights to said crossing and road under an agreement which the plaintiff had made with the defendant's predecessor, the Richmond, Nicholasville, Irvine & Beattyville Railroad Company; that on the 19th of November, 1903, this plaintiff, Achilles Kelley, et al., filed their petition in said suit and asked to be made parties plaintiff therein, which was done; that these said petitioners and the Sales were the then owners and in possession of the land set out and described in the plaintiff's petition; that the subject matter and the cause of action set up in that suit are identical with and the exact subject matter and cause of action set up in plaintiff's petition; that the plaintiff in this suit was one of the plaintiffs in that suit; and that the defendant in that suit was the Louisville & Atlantic Railroad Company, and in this suit is the Louisville & Nashville Railroad Company, the successor of the Louisville & Atlantic Railroad Co. It is further pleaded that that suit was tried out in the Estill circuit court, which had jurisdiction of the parties and the subject matter of the action, and that a judgment was rendered in favor of plaintiffs in said case on the 23rd of December, 1904, for $437.50; that an appeal was prosecuted from that judgment to this court, and, after consideration here, the judgment of the lower court was affirmed. The mandate issued in due time and the judgment was paid off and satisfied in full by the Louisville & Atlantic Railroad Company. This said judgment was pleaded in bar of plaintiff's right to recover.

Plaintiff filed a reply, to which a demurrer was sustained. He thereupon filed an amended reply, in which he sought to avoid the force and effect of this judgment, and a demurrer was sustained to the reply as amended. Plaintiff thereupon tendered and offered to file an amended petition, in which he sought to have the defend-

ant company required to build the crossings set up and described in his original petition. This amendment, on objection by the defendant, the court refused to permit to be filed, though he ordered it to be made a part of the record. Plaintiff declining to plead further, his petition was dismissed. From that order and judgment he prosecutes this appeal.

The opinion of this Court in the case of the Louisville & Atlantic Railroad Company v. Sale is to be found in the 29th Reporter, page 425. In that opinion it appears that, at the time it was rendered, the owners of this land, plaintiff among them, had been compensated in the sum of $2,067.35 for the land taken by condemnation proceedings under a judgment of the County Court of Estill County. That prior to the entry of this judgment the Railroad Company had made the following agreement with the owners, which had been recorded in the County Court Clerk's office:

"R. N. I. & B. R. Co., plaintiff, v. G. B. Kelley, etc., defendants. Proposition for crossing. The plaintiffs in this proceeding, the R. N. I. & B. R. Co., propose to make, construct and maintain one good and sufficient under crossing of its railroad from one side to the other suitable for the crossing of stock, wagons and other vehicles, not less than twelve feet in length, at station 1494; a good grade crossing suitable for the same purpose, at station 1500; and further to grade and make the defendant a good road from a point opposite station 1500 along the side of the railroad's right of way and the bluff on Kell's land out to the county road, so as to enable the defendants to reach that county road north of the house without crossing the railroad. And this proposition shall be made a part of the judgment that may be entered in this action.

That after the money had been paid for the land the plaintiffs instituted the suit referred to for the purpose of requiring the road to make the crossings mentioned, and for such damage as they had sustained by reason of the failure of the road to make these crossings and a proper outlet to the public road.

A motion was made during the progress of the trial of that case to require the plaintiffs to elect whether they would prosecute their suit to compel the railroad to make the crossings or to recover damages. This motion being sustained, plaintiffs elected to prosecute their suit for

damages; and on the measure of damages in that suit, the court instructed the jury as follows:

"If the jury from the evidence find damages for the plaintiff in any sum under the first instruction, then the measure of damages is what it would have reasonably cost between December 31, 1901, to June 12, 1902, to have made the crossings and built the road as defined in the first instruction, and such damages, if any, as directly resulted to plaintiffs before the 12th day of June, 1902, and after December 31st, 1901, from the inconvenience to them, or either of them, by reason of said road not being built or said crossings not being built and maintained, not exceeding in the whole $750."

This instruction was, upon appeal here, approved as having correctly stated the measure of damages under a rule of this court announced in the case of Cincinnati Southern Railroad Company v. Hudson, 88 Ky. 480, and later approved in the case of Wilson v. Illinois Central Railroad Company, 29 Ky. Law. Rep. 170. In that case, under the proof offered by plaintiff and his associate owners of the land, the jury had awarded them the amount of money which they showed it would take to make the crossings provided for in the contract and build the road out to the public road, and in addition had awarded them such damages as they had sustained by way of inconvenience, etc., up to the time of the filing of their suit. It would be a manifest injustice to permit plaintiff and his associates to compel the railroad to make these improvements when they had already recovered from the railroad the amount of money which they have shown they would be required to spend in order to make the improvement. The court correctly so held. Plaintiff is not entitled to have the railroad now make these improvements, nor is he entitled to damage because of inconvenience suffered by him because they are not made, for, having compelled the railroad under a judgment of court to pay to him and his associates the money required to make these improvements, it devolved upon him, and not the railroad, to make them, and if he has suffered inconvenience and damage because they are not made, it is due to his own neglect rather than any fault on the part of the railroad. He is entitled to no relief whatever as against the railroad company, and the court correctly so held.

Judgment affirmed.